UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBYN G. BREW, f/k/a Robyn G. Cole, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case number 4:15cv0970 TCM ) |
| SAFECO INSURANCE COMPANY OF ILLINOIS, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Pending before the Court[1] in this insurance dispute is a motion filed by plaintiff, Robyn G. Brew, to remand her case to the state court from which it was removed – the Circuit Court for St. Louis City, Missouri. [Doc. 10] Defendant, Safeco Insurance Company of Illinois (Safeco), removed the action to federal court on the grounds of diversity of citizenship. See 28 U.S.C. § 1332(a) (granting original jurisdiction to district courts in cases in which, inter alia, parties are of different states and the amount in controversy exceeds sum of $75,000) and 28 U.S.C. § 1441(b) (permitting removal of cases from state courts that could have been originally filed in district courts). It is undisputed that there is diversity of citizenship: Plaintiff is a Missouri citizen; Safeco is an Illinois corporation with its principal place of business in that state. (See Notice ¶ 2, ECF No. 1.) It is the amount in controversy that is at issue.

---

[1] The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

## Background

Plaintiff alleges in her complaint that she was at all times relevant insured under a policy issued by Safeco. (Compl. ¶ 3, ECF No. 2.) "Said coverage included underinsured motorist coverage with limits for bodily injury in the amount of $100,000 each person and $300,000 each accident." (Id.) One day in September 2013, the car she was driving was struck by a car driven by Jill Rose when Rose ran a red light. (Id. ¶ 5-6.) Plaintiff was injured and has, consequently, sustained damages, including having to expend money for medical care and treatment and suffering a loss of her earning capacity. (Id. ¶ 9.)

Plaintiff has settled with Rose for the bodily injury liability limit of $25,000 per individual in Rose's applicable insurance policy. (Id. ¶ 11-12; Mot. Ex. 1.) Plaintiff's injuries, however, are greater than that amount. She has demanded, and been denied, "the full amount of her loss in accordance with the policy limits for underinsured motorist coverage." (Id. ¶ 14-16.) Consequently, she filed a breach of contract suit in state court against Safeco requesting "judgment against the Defendant in a sum in excess of the jurisdictional amount of $25,000.00 . . . ." (Id. at 6.)

Citing that portion of the complaint in which Plaintiff "claims the availability of $100,000 in underinsured motorist coverage" and the $33,000 in medical bills she had incurred prior to filing suit, Safeco removed the complaint to this court. The letter attached to the notice of removal argues that her damages exceed $100,000. (Not. Ex. B at 2, ECF No. 1-2.) In its answer to the complaint, Safeco argues that "it is entitled to an offset from

any judgment for the amounts paid to Plaintiff in settlement of her claims against the alleged Underinsured Motorist, Jill Rose." (Def. Ans. ¶ 20.)

Plaintiff seeks a remand on the grounds that Safeco has not borne its burden of showing that the amount in controversy exceeds $75,000.

## Discussion

Diversity jurisdiction exists pursuant to § 1332(a) "if there is complete diversity of citizenship and the amount in controversy is greater than $75,000." **Advance Am. Servicing of Ark., Inc. v. McGinnis**, 526 F.3d 1170, 1172 (8th Cir. 2008). "Where, as here, the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." **In re: Minnesota Mut. Life Ins. Co. Sales Practices Litig.**, 346 F.3d 830, 834 (8th Cir. 2003); accord **In re Prempro Prods. Liab. Litig**., 591 F.3d 613, 620 (8th Cir. 2010); **Bell v. Hershey Co.**, 557 F.3d 953, 956 n.5 (8th Cir. 2009). To meet this burden, the removing party must present "some specific facts or evidence demonstrating that the jurisdictional amount has been met." **Hill v. Ford Motor Co.**, 324 F.Supp.2d 1028, 1036 (E.D. Mo. 2004). "Once the removing party has established by a preponderance of the evidence that the jurisdictional minimum is satisfied, remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount." **Bell**, 557 F.3d at 956.

Safeco has provided evidence that Plaintiff seeks the full $100,000 provided for in her insurance policy.

In support of her argument that her case must be remanded, Plaintiff cites **Lowe v. First Fin. Ins. Co.**, 2015 WL 753139 (W.D. Mo. Feb. 23, 2015). Her reliance on this case is misplaced. In *Lowe*, the plaintiff had settled with the driver of the vehicle that collided with his truck for the policy limits of that driver's liability insurance policy. Id. at *1. After some investigation, the plaintiff discovered that the employer for whom he was working at the time of the accident had underinsured motorist coverage under policies issued by three separate insurance companies. Id. He filed suit in state court against those companies, simply alleging that he was seeking to recover underinsured motorist benefits under the three policies. Id. After the suit was removed to federal court on diversity grounds, the question whether the amount in controversy was in excess of $75,000 arose. Id. at *2. The court noted that in cases in which the value of the underlying claim exceeded the maximum amount of the policy "*the amount in controversy is the maximum limit of the insurer's liability under the policy*." Id. at *3. In that case, "[t]he amount of the claim can be determined with legal certainty . . . ; where the insured seeks to recover to the fullest extent of coverage, *the court can determine the amount in controversy by referring to the face of the policy*." Id. (emphasis added). After being given an opportunity to come forward with evidence that the amount in controversy satisfied the jurisdictional minimum, the insurance companies produced only one policy that had underinsured motorist coverage that arguably applied, and that policy capped the benefits at $50,000 – $25,000.01 short of the required jurisdictional amount. Id. at *4. In the instant case, the benefits are capped at $100,000 – $24,999.99 over the jurisdictional minimum.

Plaintiff's citation to **Freeland v. Liberty Mut. Fire Ins. Co.**, 632 F.3d 250 (6th Cir. 2011), is also unavailing. In that case, the plaintiffs sought a declaratory judgment that the underinsured motorist coverage available to them was $100,000 per accident and not the $25,000 maximum the insurer contended applied. Id. at 253. Consequently, the amount in controversy was the difference between the two, $75,000 – one penny less than the jurisdictional minimum. Id. at 252-53. See also **Nat'l Union Fire Ins. Co. v. Maune**, 2006 WL 587650, *2 (E. D. Mo. March 10, 2006) (dismissing insurance dispute for lack of jurisdictional minimum when parties agreed that only $75,000 of the $100,000 policy limit was in dispute).

In the instant case, Plaintiff alleges that her underinsured motorist coverage has a limit of $100,000 for each person's bodily injuries, which she further alleges includes, but is not limited to, a concussion, loss of consciousness, and multiple rib fractures and has caused, among other things, "disability and disfigurement." (Compl. ¶ 9-10.) She "has demanded the full amount of her loss in accordance with the policy limits for underinsured motorist coverage." (Id. ¶ 14.) Those policy limits exceed the jurisdictional minimum by $24,999.99 ($100,000 minus $75,000.01).

Plaintiff argues, however, that Safeco's defense that it is entitled to an offset of the $25,000 she received from Rose's insurer defeats its position that the amount in controversy exceeds $75,000.[2]

---

[2]Plaintiff also argues that several documents are "[n]oticeably absent from [Safeco's] Notice of Removal," including a copy of the applicable insurance policy, a good faith assertion that the amount in controversy exceeds $75,000, evidence of Safeco's position about the amount of underinsured motorist coverage available to satisfy her claim, and "any

"A defendant who seeks to prove that the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable." 14AA Charles A. Wright, Arthur R. Miller, and Edward H. Cooper, <u>Federal Practice and Procedure</u>, § 3702.1 (4th ed. 2011). Therefore, Safeco's position that it is entitled to a setoff does not negate, for purposes of diversity jurisdiction, Plaintiff's claim that she should be awarded the full amount of underinsured motorist coverage provided by her insurance policy – $100,000.[3]

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of Robyn Brew to remand is **DENIED**. [Doc. 10]

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of August, 2015.

---

documents or factual proof whatsoever as to the amount in controversy." (Mem.at 4, ECF No. 11.) These documents's absence do not require remand. The amount in controversy is, as discussed herein, established by Plaintiff's complaint.

[3]That Safeco's affirmative defense does not control the amount in controversy issue is particularly evident when the merits of that defense are not clearly established under the applicable Missouri law. <u>See e.g.</u> **Manner v. Schiermeier**, 393 S.W.3d 58, 66 (Mo. 2013) (rejecting argument that insurer was entitled to offset of the amount insured had received from underinsured tortfeasor).